1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

The Bank of New York Mellon f/k/a The
Bank of New York as successor to JP
Morgan Chase Bank, not individually but
solely as trustee for the holder of the Bear
Stearns ALT-A Trust 2004-11, Mortgage
Pass-Through Certificates, Series 2004-11,

Case No. 2:21-cv-01492-RFB-DJA

**Order**

Plaintiff,

v.

Stewart Information Services, Corp., et al.,

Defendants.

This is a breach of contract and insurance bad faith claim arising out of Defendant Stewart
Title Guaranty Company's ("STGC") denial of title insurance coverage to Plaintiff The Bank of
New York Mellon (the "Bank").  The Bank sues STGC and Stewart Information Services
Corporation ("SISC")—the holding company for STGC—for damages and declaratory relief,
asserting claims for breach of contract, bad faith, deceptive trade practices, and violations of NRS
686A.310.  SISC and STGC move to stay discovery while both of their motions to dismiss are
pending.  (ECF Nos. 33 and 34).  The parties also filed a stipulated discovery plan and scheduling
order in the event the Court denies the motions to stay.  (ECF No. 39).  Because the Court finds
that SISC and STGC have carried their burdens of showing a stay is warranted, it grants both
motions to stay.  Because the stay moots the stipulated discovery plan and scheduling order, the
Court denies it as moot.  The Court finds these matters properly resolved without a hearing.  LR
78-1.

**I.      Background.**

Joan Bohnet obtained a home loan from Realty Mortgage Company in 2004, which loan
was secured by Bohnet's home.  (ECF No. 1-1 at 13).  Realty Mortgage bought an insurance

1    policy from STGC to insure the title. (*Id.* at 14).  Realty Mortgage later transferred the loan to the

2    Bank. (*Id.*).

3          In 2011, Bohnet failed to make payments to the homeowners' association. (*Id.* at 16).

4    The HOA foreclosed, and sold the home to SFR Investments Pool I, LLC at a foreclosure sale in

5    2014. (*Id.*).  Three years later, in March of 2017, the Bank sued SFR Investments, arguing that

6    the Bank's deed of trust was not extinguished by the HOA's foreclosure sale. (*Id.* at 16-17).

7          The Bank submitted a claim to STGC in May of 2017 demanding coverage and a defense

8    under the title insurance policy. (*Id.*).  STGC denied coverage and the Bank sued STGC and its

9    holding company, SISC. (*Id.*).  STGC moved to dismiss the complaint, arguing that title

10   insurance is only intended to protect against defects in title that arose *before* the issuance of the

11   policy—meaning that, because the HOA foreclosure happened about seven years *after* the policy

12   issued, there was no coverage. (ECF No. 6 at 7-8).  SISC moved to dismiss for lack of

13   jurisdiction, arguing that it has no contacts with the Nevada forum state. (ECF No. 5).  STGC

14   and SISC then moved to stay discovery pending the Court's decision on the motions to dismiss.

15   (ECF Nos. 33 and 34).

16        ***A.     SISC's motion to stay.***

17        In its motion to stay, SISC argues that its pending motion to dismiss—based on a

18   preliminary jurisdiction issues—warrants a stay. (ECF No. 33).  It adds that the parties met and

19   conferred about the stay and, while Plaintiff's counsel agreed that discovery could be stayed as to

20   SISC, they did not agree that discovery could be stayed completely. (*Id.* at 4).  SISC argues that

21   it would be prejudiced if discovery went on without it because discovery deadlines could expire

22   before the Court rules on its motion to dismiss. (*Id.*).

23        Plaintiff responds that SISC's argument is without merit because parties are frequently

24   added and removed from cases without issue. (ECF No. 37 at 2).  Plaintiff explains that, just

25   because a party was not present during discovery does not mean that they cannot be required to

26   participate in a case. (*Id.*).  This danger, Plaintiff asserts, is lessened because SISC's counsel will

27   be apprised of case activity by virtue of also being STGC's counsel. (*Id.*).

28

1    SISC argues in reply that just because it shares counsel with STGC does not mean that it

2    does not otherwise meet the requirements for a stay. (ECF No. 40 at 2).  SISC argues that the

3    harm to the Bank of a stay of all discovery is minimal.  (*Id.* at 5).  SISC asserts that any harm to

4    the Bank from a stay is outweighed by SISC's entitlement to that stay.  (*Id.*).

**B.      STGC's motion to stay.**

6           In its motion to stay, STGC asserts that its motion to dismiss has a high likelihood of

7    success, warranting a stay under the Ninth Circuit's *Kor Media Group* factors.  (ECF No. 34 at 5).

8    STGC argues that dismissal is likely because courts in this district have decided cases with nearly

9    identical facts in favor of title insurers like STGC.  (*Id.* at 2).  STGC cites to three cases—*Wells*

10   *Fargo I*, *Wells Fargo II*, and *Deutsche Bank*[1]—in which courts in this district dismissed claims

11   like Plaintiff's.  (*Id.* at 7).

12          Plaintiff responds and argues that because *Wells Fargo II*[2] and *Deutsche Bank*, along with

13   *HSBC II*[3]—a case with similar facts—were all appealed to and remanded by the Ninth Circuit,

14   they do not demonstrate that STGC has a likelihood of success.  (ECF No. 38 at 2).  In those

15   cases, Plaintiff explains, the Ninth Circuit found that the district courts' decision to dismiss

16   without leave to amend—finding amendment futile—was erroneous.  (*Id.* at 8-9).  The plaintiffs

17   in those cases later introduced evidence of insurance manuals and trade usage that the Ninth

18   Circuit believed could demonstrate that amendment was not futile.  (*Id.*).  Plaintiff uses these

19   remands to argue that STGC's motion to dismiss will not be successful.  (*Id.*).  Plaintiff also

20   argues that STGC's motion to dismiss is not dispositive because STGC is estopped from arguing

21

22   _____

[1] *Wells Fargo Bank, N.A. v. Commonwealth Land Title Ins. Co.*, No. 2:18-cv-00494-APG-BNW,
23   2019 WL 2062947 (D. Nev. May 9, 2019) (*Wells Fargo I*); *Wells Fargo Bank, N.A. v. Fid. Nat'l
     Ins. Co.*, No. 3:19-cv-00241-MMD-WGC, 2019 WL 5578487 (D. Nev. Oct. 29, 2019) (*Wells
24   Fargo II*); and *Deutsche Bank Nat'l Trust Co. v. Fid. Nat'l Title Ins. Co.*, No. 3:19-cv-00468-
     MMD-WGC (D. Nev. Apr. 2, 2020) (*Deutsche Bank*).
25
[2] Plaintiff only briefly addresses *Wells Fargo I* in its brief to assert that the Ninth Circuit will
26   likely reach a similar decision as in *Wells Fargo II*.  The Court does not address this argument
     further, because it does not impact its decision on the motion to stay.
27
[3] *HSBS Bank United States v. Fid. Nat'l Title Grp., Inc.*, No. 3:19-cv-00265-MMD-WGC, 2020
28   WL 886940 (D. Nev. Feb. 20, 2020) (*HSBC II*).

1    that coverage does not exist under the policy.  (*Id.* at 13).  For this argument, Plaintiff relies on

2    STGC's provision of limited coverage—totaling $1,865[4]—to Plaintiff.  (*Id.*).  Plaintiff claims

3    that, because STGC eventually provided some limited coverage, it admitted that Plaintiff was

4    entitled to coverage and a defense under the policy.  (*Id.* at 13-17).

5         STGC replies and argues that Plaintiff mischaracterizes the holdings in the Ninth Circuit's

6    remand of *Wells Fargo II*, *Deutsche Bank*, and *HSBC II*.  (ECF No. 41 at 3).  Because the Ninth

7    Circuit only decided that the plaintiffs in those cases should be given leave to amend, the Ninth

8    Circuit decisions have no bearing on whether STGC's motion to dismiss will be successful.  (*Id.*).

9    This is particularly true, STGC argues, because Plaintiff raised the issues of trade usage and

10   manuals in briefing the motion to dismiss, rather than after the fact like in the appeals of *Wells*

11   *Fargo II*, *Deutsche Bank*, and *HSBC II*.  (*Id.* at 4).  Addressing Plaintiff's estoppel arguments,

12   STGC explains that it had elected to pay the $1,864.74 "instead of wasting money on a coverage

13   dispute with the Bank."  (*Id.*).  STGC argues that its election to pay the money did not concede

14   STGC's liability, duty to provide coverage, or the duty to defend under the policy.  (*Id.* at 9-10).

15   Moreover, STGC argues, whether STGC would be estopped from denying coverage given this

16   payment has no bearing on whether its motion to dismiss is dispositive.  (*Id.*).

17   **II.    Standard.**

18        Courts have broad discretionary power to control discovery.  *See, e.g.*, *Little v. City of*

19   *Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  In deciding whether to grant a stay of discovery, the

20   Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive

21   determination of every action.  *See Kidneigh v. Tournament One Corp.*, No. 2:12-cv-02209-APG-

22   CWH, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013).  "The Federal Rules of Civil Procedure

23   do not provide for automatic or blanket stays of discovery when a potentially dispositive motion

24   is pending."  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).  However,

25   preliminary issues such as jurisdiction, venue, or immunity are common situations that may

26   justify a stay.  *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989);

27

28   _____

[4] Plaintiff rounds up from $1,864.74.  (*Compare* ECF No. 38 at 8-9 *with* ECF No. 41 at 9).

*Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction).  Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal.  *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed.  *See, e.g.*, *Turner Broadcasting System, Inc. v. Tracinda Corp*., 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value.").  When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case.  *Tradebay*, 278 F.R.D. at 602-603.  In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery.  *Id.*  This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1."  *Id.* (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery.  *Turner Broadcasting*, 175 F.R.D. at 556.  An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases.  *Long v. Aurora Bank, FSB*, No. 2:12-cv-00721-GMN-CWH, 2012 WL 2076842, at *1 (D. Nev. June 8, 2012).

III.    **Discussion.**

A.    ***The Court grants SISC's motion to stay discovery.***

A stay is appropriate for SISC under the three-part *Kor Media Group* test.  First, the motion to dismiss is potentially dispositive of Plaintiff's entire case against SISC.  The gravamen of SISC's motion is that this Court does not have jurisdiction over it, which, if granted would prevent Plaintiff from bringing claims against SISC in this Court.  Second, the issues before the Court in the pending motion to dismiss do not require further discovery.  Nor does Plaintiff argue

they do.  Third, in taking its preliminary peek, the Court is not convinced that the Plaintiff will overcome the arguments SISC makes regarding jurisdiction, although the Court does not prejudge the outcome.  A stay is also particularly important here, where SISC's involvement in the case could open it up to an argument that it has developed connections with Nevada.  The Court thus finds that this is a case where a stay of discovery will further the goals of Rule 1.  As discussed more fully below, because the Court also grants STGC's motion to stay discovery, discovery is stayed for the whole case, not just as to SISC.

**B.    The Court grants STGC's motion to stay discovery.**

A stay is also appropriate for STGC under the three-part *Kor Media Group* test.  First, the pending motion is potentially dispositive.  Plaintiff essentially argues that the motion to dismiss is not potentially dispositive of the entire action because, by paying Plaintiff $1,864.74, STGC is estopped from asserting its defense that coverage did not exist under the policy.  (ECF No. 3 at 13-17).  But Plaintiff addresses estoppel in responding to the motion to dismiss and STGC addresses it in reply.  (ECF No. 14 at 2, 9-12; ECF No. 28 at 2-5).  The estoppel issue is thus fully briefed to be determined on the motion to dismiss.  Plaintiff's arguments that the motion is not dispositive are without merit.

Second, the issues pending before the Court do not require further discovery.  Plaintiff appears to argue that further discovery is necessary to decide the motion to dismiss because evidence of manuals and trade usage are relevant to interpreting the insurance contract.  (ECF No. 38 at 8-13).  But Plaintiff misrepresents the Ninth Circuit's decisions on this point, arguing that they stand for the proposition that additional discovery is necessary.  These three cases—*Wells Fargo II*, *HSBC II*, and *Deutsche Bank*—all involved claims nearly identical to Plaintiff's.  *See Wells Fargo Bank, N.A. v. Fid. Nat'l Ins. Co.*, No. 3:19-cv-00241-MMD-WGC, 2019 WL 5578487 (D. Nev. Oct. 29, 2019) (*Wells Fargo II*); *see HSBS Bank United States v. Fid. Nat'l Title Grp., Inc.*, No. 3:19-cv-00265-MMD-WGC, 2020 WL 886940 (D. Nev. Feb. 20, 2020) (*HSBC II*); *see Deutsche Bank Nat'l Trust Co. v. Fid. Nat'l Title Ins. Co.*, No. 3:19-cv-00468-MMD-WGC (D. Nev. Apr. 2, 2020) (*Deutsche Bank*).  The courts deciding them each granted motions to dismiss—like STGC's—without granting the plaintiffs leave to amend.  *See generally*,

1   *id.*  On appeal, however, the Ninth Circuit found in each that the district court should have

2   granted leave to amend.  *See Wells Fargo Bank, N.A. v. Fid. Nat'l Title Ins. Co.*, No. 19-17332,

3   2021 WL 5150044 (9th Cir. Nov. 5, 2021); *see HSBC Bank USA, N.A. v. Fid. Nat'l Title Ins. Co.*,

4   No. 20-15387, 2021 WL 5850905 (9th Cir. Dec. 9, 2021); *see Deutsche Bank Nat'l Trust Co. v.*

5   *Fid. Nat'l Title Ins. Co.*, No. 20-15849, 2021 WL 5002215 (9th Cir. Oct. 28, 2021).  The Ninth

6   Circuit determined that, because the plaintiffs could introduce newly discovered insurance

7   manuals and trade usage if they were given leave to amend, amendment was not futile.  *See*

8   *generally*, *id*.  But the Ninth Circuit's decision to remand these cases does not mean that further

9   discovery is necessary to decide the motion to dismiss here.  Instead, those decisions only mean

10  that, should the district court grant STGC's motion to dismiss, Plaintiff may be entitled to leave to

11  amend.  Plaintiff also raises the issue of trade usage and manuals in its response to STGC's

12  motion to dismiss, meaning that no further discovery into that issue is needed to decide the

13  motion to dismiss.  (ECF No. 14 at 13-14).

14          Third, in taking its preliminary peek, the Court is not convinced that the Plaintiff will

15  overcome STGC's arguments.  Plaintiff argues that *Wells Fargo II*, *HSBC II*, and *Deutsche*

16  *Bank*—along with a Nevada Supreme Court case, *Giraldi v. Naples Polaris*[5]—demonstrate that

17  STGC's motion "has no reasonable chance of success."  (ECF No. 38 at 3).  This assertion again

18  mischaracterizes the decisions.  As discussed above, that the district court may consider trade

19  usage and insurance manuals in deciding the motion to dismiss and leave to amend has no bearing

20  on the success of STGC's motion.  To the contrary, the decisions in *Wells Fargo II*, *HSBC II*, and

21  *Deutsche Bank*—finding in favor of the title insurance company defendants—provide ample

22  support for the conclusion that STGC's arguments have a high enough likelihood of success to

23  _____

24  [5] In *Giraldi v. Naples Polaris*, the Nevada Supreme Court determined that a district court had
    properly considered trade usage and industry custom in interpreting a contract, even though the

25  district court did not first find that the contract was unambiguous.  *Giraldi v. Naples Polaris,*
    *LLC*, 129 Nev. 306, 313 (2013).  The *Giraldi* decision, however, does not lead to the conclusion

26  that STGC's motion to dismiss will be unsuccessful.  Instead, it simply means that, under Nevada
    law, the district court may consider trade usage and industry custom in deciding STGC's motion

27  to dismiss, even if it determines that the contract is unambiguous.  It has no bearing on *whether or*

28  *how* that trade usage and industry custom will impact the district court's decision.

1    justify a stay.  The Court does not prejudge the outcome, but finds that a stay of discovery will

2    accomplish the objectives of Rule 1, particularly that which ensures the inexpensive

3    determination of the action.

4         **C.**      ***The Court denies the parties' stipulated discovery plan and scheduling order as***

5                  ***moot.***

6         The parties submitted a stipulated discovery plan and scheduling order to be entered in the

7    event the Court denied SISC and STGC's motions to stay.  (ECF No. 39).  The Court has granted

8    both motions.  Discovery is thus stayed in its entirety in this case and the Court denies the

9    stipulated discovery plan and scheduling order as moot.

10

11        **IT IS THEREFORE ORDERED** that SISC's motion to stay discovery (ECF No. 33)

12   and STGC's motion to stay discovery (ECF No. 34) are **granted**.

13        **IT IS FURTHER ORDERED** that the parties stipulated discovery plan and scheduling

14   order (ECF No. 39) is **denied as moot**.

15

16        DATED: January 11, 2022

17        _____

18        DANIEL J. ALBREGTS
          UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28